UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#17/19/20/21 (7/6 HRG OFF)

JS-6

ED

## CIVIL MINUTES - GENERAL

| Case No. | CV 15-713 PSG (DTBx) | Date | June 30, 2015 |
|---|---|---|---|
| Title | Rene Avila, *et al.* v. CitiMortgage, *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):      Order GRANTING Motion to Remand**

Before the Court is Plaintiffs Rene Avila and Nancy Avila's ("Plaintiffs") motion to remand.  Dkt. # 17.  The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the moving, opposing, and reply papers, the Court GRANTS the motion.

I.      Background

Plaintiffs bring their cause of action against Defendants CitiMortgage, Inc. ("CMI") and Quality Loan Services Corporation ("Quality") (collectively, "Defendants").  Dkt. # 1.  Plaintiffs financed the subject property on August 23, 2006 with a loan obtained from CMI and secured by a deed of trust for the property.  *Compl.* ¶ 11.  On June 25, 2010, Quality was substituted in as the trustee under the deed of trust.  *Id.* ¶ 12.  On April 26, 2012, Defendants recorded a notice of default on the property.  *Id.* ¶ 13.  Plaintiffs allege that CMI and Quality did not satisfy required compliance standards prior to filing the notice of default.  *Id.* ¶ 14.

Plaintiffs filed this case on March 12, 2015 in Riverside Superior Court.  Dkt. # 1.  The case was removed on April 13, 2015.  *Id.*  Plaintiffs assert claims for: (1) violation of Cal. Civil Code § 2923.55; (2) violation of Cal. Civil Code § 2923.6; (3) violation of Cal. Civil Code § 2923.7; (4) violation of Cal. Civil Code § 2924.11; (5) injunctive relief pursuant to Cal. Civil Code § 2924.12; and (6) unfair business practices.  *Compl.* ¶¶ 15-48.  Plaintiff now moves to remand this case.  Dkt. # 17.

II.      Legal Standard

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332.  For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-713 PSG (DTBx) | Date | June 30, 2015 |
|---|---|---|---|
| Title | Rene Avila, *et al.* v. CitiMortgage, *et al.* | | |

parties and the amount in controversy must exceed $75,000. *See Strawbridge v. Curtis*, 7 U.S. 267, 267 (3 Cranch) (1806); 28 U.S.C. § 1332(a). The diversity of citizenship requirement does not apply to "nominal or formal parties who have no interest in the action and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (internal quotations omitted); s*ee also Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461, (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.").

If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Removal jurisdiction "is determined (and must exist) as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002). There is a "strong presumption" against removal jurisdiction and the party seeking removal always has the burden of establishing that removal is proper. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). If there is any ambiguity as to the propriety of removal, federal jurisdiction must be rejected. *See id*.

III.   Discussion

Although Plaintiffs and Quality are citizens of California, *Removal* ¶ 8, *Compl.* ¶ 3, Defendants assert that Quality is a nominal defendant and, therefore, its citizenship should be disregarded when considering the diversity requirement under 28 U.S.C. § 1332. *Removal* ¶ 6. If the Court were to disregard Quality's citizenship, complete diversity would be satisfied because CMI is incorporated in New York and has its principal place of business in Missouri. *Id.* ¶ 7; *see* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). Thus, the Court must determine whether Quality was a nominal defendant at the time of removal.

Under California Civil Code § 2924*l*, a trustee may file for a declaration of nonmonetary status if the trustee "maintains a reasonable belief that it has been named in the action . . . solely in its capacity as a trustee, and not arising out of any wrongful acts or omissions" in performing its duties as a trustee. Cal. Civ. Code § 2924*l* (a) (2005). If a trustee files for non-monetary status and "no objection is served within the 15-day objection period, the trustee shall not be required to participate any further in the action or proceeding" and shall not be subject to damages. Cal. Civ. Code § 2924*l* (d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-713 PSG (DTBx) | Date | June 30, 2015 |
|---|---|---|---|
| Title | Rene Avila, *et al.* v. CitiMortgage, *et al.* | | |

Although district courts recognize non-monetary status defendants as nominal parties and, therefore, exclude those defendants from diversity consideration, "[c]ourts refuse to ignore [a] 'nominal' party's citizenship for purposes of diversity jurisdiction when the case is removed to federal court before the fifteen-day objection period has expired." *Jenkins v. Bank of America, N.A.*, No. CV 14–04545 MMM (JCx), 2015 WL 331114, at *7 (C.D. Cal. Jan. 26, 2015) (citation omitted); *see also, e.g., Silva v. Wells Fargo Bank, N.A.*, No. CV 11–3200 GAF (JCGx), 2011 WL 2437514, at *4 (C.D. Cal. June 16, 2011) (holding that, because the removing defendant filed for removal before the 15 days had expired, "[a]t the time of removal, the declaration of non-monetary status had not rendered [defendant] a nominal party whose citizenship was irrelevant for diversity purposes"); *Wise v. Suntrust Mortgage, Inc.*, No. 11–CV–01360–LHK, 2011 WL 1466153 at *4 (N.D. Cal. Apr. 18, 2011).

Here, Defendant Quality's citizenship cannot be excluded from diversity consideration because, at the time of removal, Plaintiffs could still object to Quality's filing of non-monetary status. Quality filed for non-monetary status on April 3, 2015, *Removal* ¶ 5, and Defendants filed for removal ten days later, on April 13, 2015, Dkt. # 1. Thus, when Defendants removed, the fifteen-day objection period had not expired.

Defendant additionally asserts that Plaintiff has insufficiently pled the citizenship of Defendant Quality. *Opp.* 4:26-27. However, the burden rests on the removing party to "prov[e] the facts to support jurisdiction." *Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1990). Defendant has not established diversity of citizenship. Accordingly, the Court lacks subject matter jurisdiction over this action and must remand the action to state court.[1]

IV.   Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand.

**IT IS SO ORDERED.**

---

[1] Defendant asserts that the motion to remand should be denied according to Local Rule 7-3 because Plaintiffs did not meet and confer before filing the motion. *See Opp.* 3:12-14. However, regardless of Plaintiffs' motion or any of its alleged procedural shortcomings, the Court must remand the case for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League*, 500 U.S. at 87.